UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

GUY M.,

                    Plaintiff,

        v.

COMMISSIONER OF SOCIAL
SECURITY,

                    Defendant.

CASE NO. 3:21-cv-05275-JRC

ORDER ON PLAINTIFF'S
COMPLAINT

        This Court has jurisdiction pursuant to 28 U.S.C. § 636(c), Fed. R. Civ. P. 73 and Local

Magistrate Judge Rule MJR 13. *See also* Consent to Proceed Before a United States Magistrate

Judge, Dkt. 2. This matter has been fully briefed. *See* Dkts. 13, 20, 21.

        Plaintiff is a 57-year-old man with prior employment as a school bus driver and store

laborer, who alleges that he is unable to work due to various impairments, including lumbar

spine degenerative disc disease and cancer of the large intestine status post chemotherapy. This

is plaintiff's third time seeking judicial review of an adverse decision regarding his social

security benefits applications. The Administrative Law Judge's ("ALJ) decision before the Court this time around found plaintiff to be disabled from January 1, 2014 to June 11, 2015 and again from May 12, 2019 to the present date—but not from June 12, 2015 to May 11, 2019.

In finding that plaintiff was not disabled during that time, the ALJ rejected the medical opinion of Dr. Richard Faiola. In June 2016—during the period that the ALJ found that plaintiff was not disabled—Dr. Faiola issued a medical report limiting plaintiff to part-time sedentary work due to plaintiff's easy fatigue, limited stamina, and poor balance. The ALJ rejected Dr. Faiola's medical opinion because it was inconsistent with the medical record. However, to support her finding, the ALJ repeated some of the same reasons a previous District Court found deficient, and the new reasons the ALJ provided are not supported by substantial evidence. Therefore, the ALJ erred in rejecting Dr. Faiola's medical opinion.

The error was not harmless because, if the medical opinion were to be credited, plaintiff would have to be found disabled during the entire relevant period. Furthermore, because the ALJ has committed the same errors twice, remanding this case for the ALJ to reevaluate the evidence again would serve no useful purpose. Therefore, the Court remands this matter for an award of benefits.

**BACKGROUND**

Plaintiff applied for disability insurance benefits ("DIB") pursuant to 42 U.S.C. § 423 (Title II) and Supplemental Security Income ("SSI") benefits pursuant to 42 U.S.C. § 1382(a) (Title XVI) of the Social Security Act on March 3, 2014. AR 143, 361–377. After an ALJ issued an unfavorable decision, plaintiff sought judicial review and a District Court remanded his case for further consideration on December 1, 2017. AR 1093–1101. After a hearing on remand, ALJ Rebecca Jones issued an unfavorable decision, which plaintiff again appealed. AR 939–966. On

1    November 19, 2019, a District Court again reversed the ALJ's decision and remanded the case

2    for further consideration. AR 1804–19.

3          Plaintiff's remand hearing was held before ALJ Rebecca Jones on August 18, 2020. AR

4    1743–75. On November 16, 2020, the ALJ issued a written decision in which the ALJ concluded

5    that plaintiff was disabled for the period of January 1, 2014 through June 11, 2015, and then

6    again from May 12, 2019 through the present. AR 1703–42. As a result, the ALJ concluded that

7    plaintiff was not disabled from June 12, 2015 through May 11, 2019. *Id.*

8          The Appeals Council declined to assume jurisdiction after plaintiff filed exceptions,

9    making the November 16, 2020 written decision by the ALJ the final agency decision subject to

10   judicial review. *See* 20 C.F.R. § 404.981. Plaintiff filed a complaint in this Court seeking judicial

11   review of the ALJ's written decision. Dkt. 4. Defendant filed the sealed administrative record

12   regarding this matter on August 18, 2021. Dkt. 12.

13                                    **DISCUSSION**

14         Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of

15   social security benefits if the ALJ's findings are based on legal error or not supported by

16   substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th

17   Cir. 2005) (citing *Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1999)).

18         Plaintiff raises the following issues: (1) whether the ALJ erred by rejecting the medical

19   opinion of Dr. Faiola; (2) whether the ALJ erred by rejecting plaintiff's subjective symptom

20   testimony; (3) whether the ALJ erred by failing to apply the sedentary GRID; and (4) whether

21   the ALJ erred by rejecting lay witness testimony.

22   ///

23   ///

24

1

## I.      Evaluation of Dr. Faiola's Medical Opinion

In June 2016, Dr. Richard Faiola, M.D., issued a medical report assessing limitations to plaintiff's ability to work. AR 9–11. Specifically, Dr. Faiola reported that plaintiff's "easy fatigue, poor balance, [and] lack of stamina" limited his ability to work full-time. AR 9. In his opinion, plaintiff could only perform "sedentary work" for "a few hours at most 2-3 days a week at light activities." AR 10–11.

The ALJ gave Dr. Faiola's opinion "very little weight, finding it inconsistent with other evidence in the record." AR 1726. The ALJ provided five reasons to support her finding. First, the ALJ stated that Dr. Faiola's opinion appeared to be based on plaintiff's subjective reports during the visit, "and not on a careful review of [plaintiff]'s longitudinal functioning." *Id.* Second, the ALJ stated that Dr. Faiola's assessment regarding plaintiff's fatigue was contradicted by plaintiff's denial of fatigue at virtually every appointment. *Id.* Third, the ALJ stated that Dr. Faiola's assessment regarding plaintiff's poor balance is contradicted by the record, which shows that plaintiff consistently denied difficulty with balance and was found to have intact balance by medical providers. AR 1727. Fourth, the ALJ stated that Dr. Faiola's assessment that plaintiff had low energy was contradicted by the record. *Id.* Finally, the ALJ rejected Dr. Faiola's medical opinion because it contradicted plaintiff's activities of daily living. *Id.*

The Ninth Circuit has held that deference is due to a treating or examining doctor's opinion and that if an ALJ rejects such an opinion and the opinion is contradicted by another doctor's opinion, the "ALJ may only reject it by providing specific and legitimate reasons that are supported by substantial evidence." *Garrison v. Colvin*, 759 F.3d 995, 1012 (9th Cir. 2014). The ALJ can accomplish this by "setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." *Reddick v.*

*Chater*, 157 F.3d 715, 725 (9th Cir. 1998) (citing *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989)).[1] The ALJ may not reject a brief, conclusory opinion from a treating physician, including those of the "check-box" form, if the opinion is consistent with the plaintiff's testimony and with the doctor's treatment notes. *See Burrell v. Colvin*, 775 F.3d 1133, 1140 (9th Cir. 2014). An ALJ must "consider all of the . . . factors in deciding the weight [they] give to any medical opinion." 20 C.F.R. § 404.1527(c). Those factors include the examining relationship, treatment relationship (including its length and frequency), supportability, consistency, specialization, and other relevant factors. *Id.*

### A.  Reliance on Subjective Symptoms

Regarding the first reason, although Dr. Faiola has been plaintiff's treating physician since he was diagnosed with cancer in 2014, the ALJ discounted his opinion because it was based on plaintiff's subjective reports during the visit, "and not on a careful review of [plaintiff]'s longitudinal functioning." AR 1726. The ALJ based her conclusion on the similarities between plaintiff's subjective reports on a treatment note and Dr. Faiola's statements in the medical report, which were both made on the same day. *See* AR 1522, 9–11. However, even if Dr. Faiola primarily relied on plaintiff's subjective testimony—and not on his extensive treatment relationship with plaintiff—the Ninth Circuit has held that "[a] physician's opinion of disability 'premised to a large extent upon the claimant's own accounts of his symptoms and limitations' may be disregarded where those complaints have been" discounted properly. *Morgan v. Comm'r of Soc. Sec. Admin.*, 169 F.3d 595, 602 (9th Cir. 1999) (quoting *Fair*, 885 F.2d at 605).

---

[1] The Administration has amended regulations for evaluating medical evidence, but the amended regulations apply only to claims filed on or after March 27, 2017, and therefore are not relevant to this case. *See* 20 C.F.R. §§ 404.1527, 416.927 (applicable to claims filed before March 27, 2017); 20 C.F.R. §§ 404.1520c, 416.920c (applicable to claims filed after March 27, 2017).

1    To properly discount the subjective symptom testimony of a claimant, the ALJ must

2    engage in a two-step analysis. *See Smolen v. Chater*, 80 F.3d 1273, 1281 (9th Cir. 1996). First,

3    the ALJ must determine whether the claimant produced "objective medical evidence of an

4    underlying impairment 'which could reasonably be expected to produce the pain or other

5    symptoms alleged . . . .'" *Id.* (quoting *Bunnell v. Sullivan*, 947 F.2d 341, 344 (9th Cir. 1991)). If

6    the claimant did so, the ALJ must then make specific findings stating clear and convincing

7    reasons for discounting the subjective symptom testimony. *Id.* at 1284. "The ALJ must state

8    specifically which symptom testimony is not credible and what facts in the record lead to that

9    conclusion." *Id.* (citing *Dodrill v. Shalala*, 12 F.3d 915, 918 (9th Cir. 1993)). As with all findings

10   by the ALJ, the reasons must be supported by substantial evidence in the record. 42 U.S.C. §

11   405(g); *see also Tidwell*, 161 F.3d at 601.

12   Here, the parties do not dispute that plaintiff produced objective evidence which could

13   reasonably produce the symptoms he alleged, but they dispute whether the ALJ made specific

14   findings stating clear and convincing reasons for discounting plaintiff's subjective symptom

15   testimony. Defendant argues that "the ALJ provided proper, detailed reasons supporting the

16   adverse symptom testimony finding." Dkt. 20, at 12. However, although the ALJ provided a

17   detailed summary of the medical evidence in the record, the ALJ did not state specifically which

18   symptom testimony is not credible and what facts in the record led the ALJ to conclude that the

19   testimony was not credible. *See Dodrill*, 12 F.3d at 918 ("It's not sufficient for the ALJ to make

20   only general findings; [s]he must state which pain testimony is not credible and what evidence

21   suggests the complaints are not credible.").

22   Defendant concedes that the ALJ did not specify that she found plaintiff's subjective

23   symptom testimony unreliable but argues that medical records discussed by the ALJ support a

24

finding that plaintiff was not credible. *See* Dkt. 20, at 13–16. However, "[l]ong-standing

principles of administrative law require [courts] to review the ALJ's decision based on the

reasoning and actual findings offered by the ALJ—not *post hoc* rationalizations that attempt to

intuit what the adjudicator may have been thinking." *Bray v. Comm'r of SSA*, 554 F.3d 1219,

1225-26 (9th Cir. 2009) (citing *SEC v. Chenery Corp*., 332 U.S. 194, 196 (1947). The Court does

not accept such *post hoc* rationalization, especially when the previous District Court specifically

ordered the ALJ reevaluate plaintiff's testimony on remand. AR 1819 ("On remand, the ALJ

must reevaluate Plaintiff's testimony . . . ."). Therefore, because the ALJ did not properly

discount plaintiff's subjective symptom testimony, it cannot serve as a reason to discount Dr.

Faiola's medical opinion.

### B.  Fatigue

The ALJ concluded that Dr. Faiola's assessment regarding plaintiff's fatigue was

inconsistent with plaintiff's denial of fatigue at virtually every appointment. AR 1726. To

support this conclusion, the ALJ cited to several treatment notes that contain what appears to be

template language stating that plaintiff denied fatigue. AR 1726 (citing AR 768, 770, 773, 783,

1337, 1339, 1341, 1343, 1462, 1516, 1518, 1520, 1524, 1526, 1726, 2321, 2324, 2325, 2328,

2331, 2334, 2336). However, as plaintiff points out, Dr. Faiola reported that plaintiff easily

fatigued and had limited stamina—not that he was always fatigued. AR 9.

Furthermore, the treatment notes cited by the ALJ do not state whether plaintiff reported

never feeling fatigued or whether he did not feel fatigued at the appointment. It is not clear why

the ALJ chose the former instead of the latter, especially when taken in context of other evidence

that plaintiff can still engage in some activities but becomes easily fatigued. *See* AR 9, 1522,

1318, 1762–63. Given that Dr. Faiola reported that plaintiff would be able to do part time work,

1    it is clear that there would be periods when plaintiff would not be fatigued. *See* AR 9–11.

2    Notably, on June 14, 2016, the treatment note contains the same denial of fatigue language from

3    other notes, but it also states that plaintiff reported that he had problems with his "stamina and

4    general abilities." AR 1522. Thus, the ALJ's finding that Dr. Faiola's opinion regarding

5    plaintiff's "easy fatigue" is contradicted by the record is not supported by substantial evidence.

6                                **C.  Poor Balance**

7           The ALJ found that Dr. Faiola's assessment regarding plaintiff's poor balance is

8    contradicted by the record. AR 1727. This reason is somewhat perplexing because the ALJ

9    acknowledged that plaintiff's physical therapist instructed him to use a cane for balance because

10   he "demonstrated poor balance," and that plaintiff presented to his appointments with a cane. AR

11   909, 1726. However, the ALJ reasoned that because the RFC accounted for the use of a cane,

12   any further limitation due to balance was not supported by the evidence. AR 1727. But Dr.

13   Faiola did not report that plaintiff had limitations to his balance beyond the need to use a cane—

14   he simply stated that plaintiff had "poor balance." AR 9. The fact that the ALJ incorporated

15   balance limitations in the RFC actually supports Dr. Faiola's opinion, not contradicts it. Thus, it

16   was unreasonable for the ALJ to reject Dr. Faiola's medical opinion because he assessed plaintiff

17   had poor balance.

18                                **D.  Low Energy**

19          The ALJ reasoned that Dr. Faiola's assessment that plaintiff had low energy was

20   contradicted by the record. AR 1727. This Court notes that a District Court already considered

21   this as a reason to discount Dr. Faiola's medical opinion and held that it was not reasonable. *See*

22   AR 1812 (Judge Coughenour concluded that the "ALJ's interpretation that 'baseline' [energy]

23   refers to a time when Plaintiff was able to work is not reasonable."). On remand, the ALJ appears

24

1    to disagree with the District Court's order because plaintiff once reported that his energy level

2    was "good" and because the medical note the District Court relied on also stated that plaintiff

3    remained "reasonably active." AR 1727. But the ALJ did not explain why this is significant and

4    why it merits a finding contrary to the District Court's order. The relevant sentence from the

5    medical report states as follows: "His energy level is generally diminished since his surgery, but

6    overall he remains reasonably active." AR 565. Thus, it is clear that plaintiff's energy level was

7    indeed diminished and that he was reasonably active for someone who had just underwent

8    surgery for his cancer earlier in the month. This Court finds no reason to depart from the District

9    Court's prior order and concludes that the ALJ again erred in rejecting Dr. Faiola's medical

10   opinion for this reason.

11                       **E.  Activities of Daily Living**

12          The ALJ's final reason to reject Dr. Faiola's medical opinion is because it allegedly

13   contradicted plaintiff's activities of daily living. AR 1727. Specifically, the ALJ concluded that

14   plaintiff's ability to walk and do chores around the house contradicted Dr. Faiola's opinion that

15   plaintiff was limited to part-time sedentary work. *Id.* This reason was also previously considered

16   by the District Court and it held that it was erroneous. AR 1812 ("Conflict with Plaintiff's

17   activities was an erroneous reason to reject Dr. Faiola's opinions."). Indeed, disability claimants

18   should not be penalized for attempting to lead normal lives in the face of their limitations. *See*

19   *Reddick*, 157 F.3d at 722 (citing *Cooper v. Bowen*, 815 F.2d 557, 561 (9th Cir. 1987) (claimant

20   need not "vegetate in a dark room" in order to be deemed eligible for benefits)). Dr. Faiola

21   reported that plaintiff could work part time, which is consistent with plaintiff's ability to walk

22   and do chores around the house. AR 9–11. The ALJ did not cite to anything in the record to

23   suggest that plaintiff did chores or walked for a full eight hours. Thus, this Court agrees with the

24

1  District Court's prior order and again concludes that it was unreasonable to reject Dr. Faiola's

2  medical opinion for this reason.

3  **II.    Other Issues**

4       Plaintiff also argues that the ALJ erred by failing to apply the sedentary GRID and by

5  rejecting lay witness testimony. Dkt. 13. However, because the case may be resolved without

6  considering these issues, the Court declines to address them.

7  **III.    Remedy**

8       Plaintiff asks this Court to remand the case for an award of benefits. Dkt. 13, at 11–14.

9  "The decision whether to remand a case for additional evidence, or simply to award benefits[,] is

10 within the discretion of the court." *Sprague v. Bowen*, 812 F.2d 1226, 1232 (9th Cir. 1987). If an

11 ALJ makes an error and the record is uncertain and ambiguous, the court should remand to the

12 agency for further proceedings. *Leon v. Berryhill*, 880 F.3d 1041, 1045 (9th Cir. 2017).

13 Likewise, if the court concludes that additional proceedings can remedy the ALJ's errors, it

14 should remand the case for further consideration. *Revels v. Berryhill*, 874 F.3d 648, 668 (9th Cir.

15 2017).

16       The Ninth Circuit has developed a three-step analysis for determining when to remand

17 for a direct award of benefits. Such remand is generally proper only where:

18       (1) the record has been fully developed and further administrative proceedings
         would serve no useful purpose; (2) the ALJ has failed to provide legally sufficient
19       reasons for rejecting evidence, whether claimant testimony or medical opinion; and
         (3) if the improperly discredited evidence were credited as true, the ALJ would be
20       required to find the claimant disabled on remand.

21 *Trevizo v. Berryhill*, 871 F.3d 664, 682–83 (9th Cir. 2017) (quoting *Garrison*, 759 F.3d at 1020).

22 However, when an ALJ errs, the proper course is to remand for further administrative

23 proceedings "except in rare circumstances." *Treichler v. Comm'r of Social Sec. Admin.*, 775 F.3d

24

1    1090, 1099 (9th Cir. 2014). Having concluded that the ALJ erred in discounting Dr. Faiola's

2    medical opinion, the only remaining issues are whether the record has been fully developed and

3    whether the improperly discredited evidence, if credited as true, would necessitate a finding of

4    disability.

5            Here, the record has been fully developed and further administrative proceedings would

6    serve no useful purpose. This matter has been before an ALJ three times and simply providing

7    another opportunity for an ALJ to assess improperly evaluated evidence does not qualify as a

8    remand for a "useful purpose." *Garrison*, 759 F.3d at 1021–22 (citing *Benecke v. Barnhart*, 379

9    F.3d 587, 595 (9th Cir. 2004) ("Allowing the Commissioner to decide the issue again would

10   create an unfair 'heads we win; tails, let's play again' system of disability benefits

11   adjudication.")). Although there may be some inconsistencies in the record, they do not

12   necessarily preclude a determination that it is fully developed. *See Trevizo*, 871 F.3d at 683

13   (concluding that the record was fully developed despite the existence of conflicting evidence).

14   Therefore, the Court concludes that the record has been fully developed and further proceedings

15   would serve no useful purpose.

16           The Court also concludes that plaintiff would have to be found disabled if the improperly

17   discredited opinion is credited. Dr. Faiola reported that plaintiff would be limited to sedentary

18   work for a few hours 2-3 days a week. AR 9–11. Therefore, there is no serious doubt that

19   plaintiff would not be able to sustain full-time work and that he "is, in fact, disabled" if the

20   medical opinion is credited as true. *Garrison*, 759 F.3d at 1021.

21           Finally, the Court exercises its discretion to remand this case for an award of benefits.

22   The ALJ repeated the same errors the previous Court identified, and plaintiff has been waiting

23   for over six years for his full disability determination. *See Smolen*, 80 F.3d at 1292 (exercising its

24

discretion to remand for a determination of benefits after the plaintiff had waited over seven years for a disability determination).

## CONCLUSION

Based on these reasons and the relevant record, the Court **ORDERS** that this matter be **REVERSED** and **REMANDED** for the calculation and award of benefits. **JUDGMENT** should be for plaintiff and the case should be closed.

Dated this 11th day of January, 2022.

J. Richard Creatura
Chief United States Magistrate Judge